IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANET M. GRAHAM-LISH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-9-TLW |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Janet M. Graham-Lish seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits and supplemental security income benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 12). Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**INTRODUCTION**

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See id. The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to

---

[1] Effective February 14, 2013, pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## BACKGROUND

Plaintiff, then a 36-year old female, applied for Title II benefits on December 21, 2009. (R. 138-39). Plaintiff alleged a disability onset date of August 6, 2009. (R. 138). Plaintiff claimed that she was unable to work due to unspecified mental impairments, arthritis in her right knee, back pain, and a hernia. (R. 164). Plaintiff's claim for benefits was denied initially on August 30, 2010, and on reconsideration on May 27, 2011. (R. 68, 70, 83-87, 91-93). Plaintiff then requested a hearing before an administrative law judge ("ALJ"), and the ALJ held the hearing on April 6, 2012. (R. 30-61). The ALJ issued a decision on April 18, 2012, denying benefits and finding plaintiff not disabled because she was able to perform other work. (R. 14-29). The Appeals Council denied review, and plaintiff appealed. (R. 1-4).

Plaintiff raises four issues on appeal. Of those issues, the ALJ's credibility analysis requires remand.

## ANALYSIS

This Court is not to disturb an ALJ's credibility findings if they are supported by substantial evidence because "[c]redibility determinations are peculiarly the province of the finder of fact." Cowan v. Astrue, 552 F.3d 1182, 1190 (10th Cir. 2008) (citing Diaz v. Secretary of Health & Human Svcs., 898 F.2d 774, 777 (10th Cir. 1990)). Credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Id. (citing Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted)). The ALJ may consider a number of factors in assessing a claimant's credibility,

including "the levels of medication and their effectiveness, the extensiveness of the attempts . . . to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, . . . and the consistency or compatibility of nonmedical testimony with objective medical evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

The entire credibility analysis is contained in the following short paragraph from the ALJ's decision:

> After Ms. Graham was denied in a prior ALJ decision on August 10, 2006, she was able to return to work in 2007. The records do not indicate either her physical or mental status deteriorating greatly, if at all, in the years since 2007. A DDS medical consultant, Sean Neely, M.D., assessed the claimant with the full range of medium work on August 30, 2010 (Exhibit 10F). Her panic attacks occur only two or three times a year. She alleged a history of closed head trauma and past emotional and physical abuse. Yet, she worked in 2007 with the same history. When she stopped working, it is clear that her physical problems had a much greater influence on her decision to quit than did her mental issues.

(R. 22). An illustrative list of factors for the ALJ to consider in assessing credibility is set forth in Luna v. Bowen, 834 F.2d 163-66 (10th Cir. 1987) and Huston, 838 F.2d at 1132 n. 7. Those factors include medication, attempts to seek treatment, daily activities, the consistency of the medical evidence and plaintiff's testimony, relationships and motivation of the witnesses, and other subjective factors within the ALJ's discretion. See Huston, 838 F.2d at 1132 n. 7. The ALJ must link his credibility findings to the evidence. See Kepler, 68 F.3d at 291. However, the ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2004).

Here the ALJ does not appear to consider more than the prior decision denying benefits (included in the administrative record) and the inconsistency between plaintiff's complaints and her ability to work following the denial. Arguably, this analysis considers plaintiff's activities of daily living, as evidenced by her return to work, and the objective medical evidence, which the ALJ cites to point out inconsistencies in plaintiff's complaints and testimony. The question is

whether this analysis is sufficient, particularly in light of the ALJ's heavy reliance on the previous denial. The Court finds that it is not.

The Tenth Circuit has held that it is appropriate for an ALJ "to consider evidence from a prior denial for the limited purpose of reviewing the preliminary facts or cumulative medical history necessary to determine whether the claimant was disabled at the time of his second application." Hamlin v. Barnhart, 365 F.3d 1208, 1215, (10th Cir. 2004) (quoting Frustaglia v. Secretary of Health & Human Svcs., 829 F.2d 192, 193 (1st Cir. 1987) (per curiam)). In this case, the ALJ did not discuss any of the medical evidence that supported the first denial, even though the administrative record contained medical documentation dating back to 2005, the period of time relevant to plaintiff's first application for benefits. Thus, the ALJ appears to have relied on the decision itself, not the underlying evidence.[2]

The ALJ also relied on an agency physician's opinion that plaintiff could perform medium work to point out that plaintiff's complaints were not consistent with the medical evidence. (R. 22). Reliance on this opinion was improper, as the ALJ ultimately limited plaintiff to sedentary work. (R. 20). Accordingly, a proper comparison of the objective medical evidence and plaintiff's complaints would require the ALJ to cite to the objective medical evidence that he relied upon in reaching his decision.[3] See Jones v. Colvin, 514 Fed.Appx. 813, 822 (10th Cir. 2013) (unpublished) (holding that the ALJ's credibility analysis must include facts that are

---

[2] Plaintiff has also argued that the failure to consider the consultative examining physician's report, cited as plaintiff's first point of error in her initial brief, compounds the failure of the ALJ's credibility analysis. (Dkt. # 29, Hearing on March 27, 2014, Lisa Palmer).

[3] The ALJ's references to plaintiff's history of panic attacks, head trauma, and abuse are more appropriate evidence to refute plaintiff's credibility, as the ALJ found that plaintiff's mental impairments were nonsevere. However, these mental impairments are not specifically addressed at step two, so it is not clear whether the ALJ considered these impairments to be nonsevere or medically nondeterminable. The distinction is important because the ALJ would be required to consider nonsevere impairments in reaching his residual functional capacity findings, and the ALJ did, in fact, include mental limitations in his findings.

"well-supported by the record."). The ALJ does not link his credibility findings to any of the objective medical evidence that supports his residual functional capacity findings.

After removing consideration of the evidence that supported the prior denial and the agency physician's opinion from the credibility analysis, the evidence that is left to support the ALJ's finding that plaintiff was not credible is insufficient. Although the Court acknowledges that the ALJ's credibility findings are entitled to deference, in this case, the ALJ failed to link the evidence to his findings.

## Conclusion

Based on the foregoing, the Court **REVERSES AND REMANDS** the decision of the Commissioner denying disability benefits to plaintiff. On remand, the ALJ should conduct a proper credibility analysis. Although the undersigned finds that the other errors asserted by plaintiff constitute harmless error, the ALJ is free to address those issues to the extent that they impact the credibility analysis. In particular, the ALJ may find it necessary to consider and weigh the medical evidence not addressed in the ALJ's decision. Addressing those opinions may also require the ALJ to address plaintiff's impairments, including her obesity, in greater detail.

SO ORDERED this 28th day of March, 2014.

_____
T. Lane Wilson
United States Magistrate Judge